UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549,

                Plaintiff,

v.

PETER D. KIRSCHNER and
MEDIA MAGIC, INC.,

                Defendants.

Civil Action No.

## COMPLAINT

For its complaint against Peter D. Kirschner and Media Magic, Inc., formerly GLUV Corp. (collectively, the "Defendants"), Plaintiff the United States Securities and Exchange Commission ("Commission") alleges as follows:

## SUMMARY

1. In early 2005, Peter D. Kirschner represented a small, privately-held entity in a series of transactions intended to effect a reverse merger of that entity into GLUV Corp., a publicly traded company that was nearly operationless. During the later stages of the reverse merger, Kirschner arranged for GLUV Corp.'s transfer agent to issue him 3,000,000 dividend shares in advance of the date upon which the public was informed that those shares would be issued, and then deposited a portion of the shares into a brokerage account. The fact that the post-dividend shares had been issued and deposited prematurely into Kirschner's brokerage account—thereby making them tradable—was a piece of information that was critically important to any market participant attempting to arrive at an appropriate valuation for the company's shares. It was also information that was only known by Kirschner. Just prior to the time at which the official dividend was to occur,

Kirschner sold 19,500 of these prematurely received, post-dividend shares to unwitting market participants at prices ranging from $5.50 to $7.95 per share, realizing proceeds of $139,400. Had Kirschner sold the same quantity of shares hours later, he would have realized gross proceeds of less than $20, as these shares were then trading at less than a penny, reflecting the adjustment by the market to the issuance of the 2,999,999:1 stock dividend.

2.      By engaging in the conduct described above, Defendant Peter D. Kirschner violated Sections 5(a), 5(c) and 17(a) and of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§77e(a) & (c), §77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5]. By virtue of its conduct, Defendant Media Magic, Inc., the successor entity to GLUV Corp., violated Sections 5(a) and 5(c) of the Securities Act.

## JURISDICTION AND VENUE

3.      The Commission brings this action pursuant to authority conferred by Section 20(b) of the Securities Act [15 U.S.C. § 77t(a)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)], seeking to permanently enjoin Defendants from engaging in the wrongful conduct alleged in this complaint. The Commission seeks a final judgment ordering Defendants to disgorge ill-gotten gains, and pay civil money penalties and other relief pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

4.      This Court has jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Sections 21(d), 21(e) and 27 of the Exchange Act [15 U.S.C. §§78u(d), 77u(e) and 78aa]. Defendants, directly or indirectly, singly or in concert, have made use of the means or instrumentalities of transportation or communication in, or the instrumentalities of, interstate commerce, or of the mails, in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

5.  Venue lies in this district pursuant to Section 22(a) of the Securities Act [15 U.S.C. §77v(a)] and Section 27 of the Exchange Act [15 U.S.C. §78aa]. Certain of the transactions, acts, practices, and courses of business constituting the violations alleged herein occurred within the District of Columbia.

## DEFENDANTS

6.  Defendant Peter D. Kirschner ("Kirschner"), age 40, is a Palm Beach County, Florida resident. From June 1989 to January 2004, Kirschner was a registered representative associated with multiple broker-dealers registered with the Commission, and at various times, has held Series 7, Series 24 and Series 63 licenses.

7.  Defendant Media Magic, Inc. ("Media Magic"), the successor entity to GLUV Corp. ("GLUV"), is a Jupiter, Florida-based entertainment company purportedly specializing in the production and sale of children's videos via kiosks in South Florida malls. Media Magic is quoted on the Pink Sheets under the ticker symbol MAMG.

## FACTUAL ALLEGATIONS

8.  In early 2005, Peter Kirschner, representing a privately held Florida-based entertainment company, met with the chairman and controlling shareholder of GLUV, a thinly traded company whose operations had all but ceased. Kirschner was interested in the possibility of reverse merging the company he represented into GLUV. GLUV's chairman and controlling shareholder was interested in obtaining value for GLUV's most marketable attribute: its status as a publicly traded company.

9.  Because a substantial proportion of GLUV's public float was held by unrelated third parties, Kirschner and GLUV concluded that ownership would need to be consolidated before the acquisition of those shares could be effectively pursued. Accordingly, GLUV adopted an amendment to its articles of incorporation to conduct a 1:6,500,000 reverse split, providing that all

fractional shares would be cashed out. After the reverse split occurred on April 29, 2005, a total of eleven shares of GLUV existed, and the number of GLUV shareholders was reduced to three, including GLUV's chairman, whose shares were all subject to resale restrictions.

10. With GLUV's assistance, Kirschner then purchased one of the eleven resulting shares of GLUV. The share that Kirschner purchased represented what had been the only publicly tradable position in GLUV large enough to survive the reverse split and the cashing out of fractional shares.

11. On May 3, 2005, GLUV sent notice to NASDAQ of its intention to issue a 2,999,999:1 stock dividend. In that notice, the company indicated that the record date for the dividend would be May 13, 2005 and the payment date would be May 20, 2005. The notice further stated that all shares would be "mailed on [May 20] without any action on the part of the shareholders."

12. Following a planned split or a stock dividend, Kirschner intended to transfer a portion of the resulting shares to associates and sell the remaining shares to the public. Kirschner and GLUV intended that these shares would comprise the newly merged entity's public float.

13. On May 12, 2005, eight days prior to the May 20 payment date, GLUV faxed a "special request" to its transfer agent, instructing that the dividend be issued and that the shares be delivered to Kirschner in advance of the announced payment date. Within hours of that instruction, Kirschner instructed the transfer agent to deliver to him 437,135 post-dividend shares and to deliver another 2,562,686 post-dividend shares to twenty other individuals and entities.

14. On May 16, 2005, the merger agreement between GLUV and the privately held entertainment company represented by Kirschner was signed. On the following day, after filing Articles of Merger with the State of Florida, the newly merged entity changed its name to Media Magic, Inc. Media Magic continued to trade under GLUV's ticker symbol for the following two months.

15.     During the day on May 19, 2005, Kirschner received the prematurely issued shares and immediately deposited a portion of the shares into a brokerage account. The fact that post-dividend shares had been issued and deposited prematurely into Kirschner's brokerage account—thereby making them tradable—was a piece of information that was critically important to any market participant attempting to arrive at an appropriate valuation for the company's shares. It was also information that was only known by Kirschner. Conversely, market participants, relying upon all available public information at the time, were operating under the belief that only eleven shares were in existence at that time.

16.     With the knowledge that the shares had been issued prematurely, and just prior to 4:00 p.m. on May 20—the time at which the official dividend was to occur—Kirschner sold 19,500 of these post-dividend shares to unwitting market participants at prices ranging from $5.50 to $7.95 per share. These prevailing market prices were based upon the market's assumption that the dividend had not yet been issued. As a result of Kirschner's conduct, he realized gross proceeds of $139,400. Had Kirschner sold the same quantity of shares hours later, he would have realized gross proceeds of less than $20, as these shares were then trading at less than a penny, reflecting the adjustment by the market to the issuance of the 2,999,999:1 stock dividend.

17.     At the time of all of the transactions described above, no registration statement was in effect with regard to any public sale of the securities at issue, and no exemption, claimed by the Defendants or otherwise, was applicable.

## CLAIMS FOR RELIEF

### Media Magic, Inc., Formerly GLUV Corp., and Peter D. Kirschner Violated Sections 5(a) and 5(c) of the Securities Act

18.     The Commission hereby incorporates Paragraphs 1 through 17 with the same force and effect as if set out here.

19. The Defendants directly and indirectly, and not withstanding that there was no applicable exemption: (a) made use of means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement was in effect; (b) for the purpose of sale or delivery after sale, carried and/or caused to be carried through the mails or in interstate commerce, by means or instruments of transportation, securities as to which no registration statement was in effect; (c) made use of means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement had been filed.

20. No valid registration statement was filed or in effect with the Commission pursuant to the Securities Act and no exemption from registration exists with respect to the securities and transactions described in this complaint.

21. By means of the foregoing, the Defendants directly and indirectly, have violated, and unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act.

**Peter D. Kirschner Violated Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder**

22. The Commission hereby incorporates Paragraphs 1 through 17 with the same force and effect as if set out here.

23. In the manner described above, Defendant Peter D. Kirschner, in connection with the offer or sale of securities, and in connection with the purchase or sale of securities, by the use of means or instrumentalities of interstate commerce or of the mails, directly or indirectly: (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of, or otherwise made untrue statements of material fact, or omitted to state material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading; or

(c) engaged in transactions, acts, practices, and courses of business that operated or would operate as a fraud or deceit upon purchasers of securities or other persons.

24. By means of the foregoing, Defendant Peter D. Kirschner violated, and unless enjoined, will continue to violate Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff the Securities and Exchange Commission, respectfully requests that this Court enter a judgment:

(1) permanently enjoining Peter D. Kirschner from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, and Sections 5(a), 5(c) and 17(a) and of the Securities Act, directing him to disgorge $109,400 in ill-gotten gains plus prejudgment interest, and ordering him to pay a $55,000 civil money penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act; and

(2) permanently enjoining Media Magic, Inc., formerly GLUV Corp., from violating Sections 5(a) and 5(c) of the Securities Act, and ordering it to pay a $55,000 civil money penalty pursuant to Section 20(d) of the Securities Act; and

(3) granting such other relief as the Court deems just and appropriate.

Dated: 8/7/06

Respectfully submitted,

*/s/ Peter H. Bresnan*

Peter H. Bresnan
John Reed Stark (DC Bar # 425187)
Thomas A. Sporkin (DC Bar # 444865)
David R. Herman
Michael J. Juliano
Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-5631-B
(202) 551-4892 (Stark)